UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LUV N' CARE, LTD. and ADMAR INTERNATIONAL, INC., | Civil Action No. |
| Plaintiffs, | |
| v. | (JURY TRIAL DEMANDED) |
| ROYAL KING INFANT PRODUCTS CO, LTD. and DALBIR SINGH KHURANA, | |
| Defendants. | |

## COMPLAINT

Plaintiffs Luv n' care, Ltd. and Admar International, Inc. (collectively, "Plaintiffs") by their attorneys, hereby complain of Defendant Royal King Infant Products Co. Ltd. ("Defendant RK") and Defendant Dalbir Singh Khurana ("Defendant Khurana") as follows:

## JURISDICTION AND VENUE

1.      This is an action for breach of contract, fraud in the inducement, and tortious interference with existing and prospective contractual and business relations under the law of the State of Texas.

2.      This action arises from Defendants' unfair and deceptive business practices, including the manufacture, offer for sale, sale, and distribution of products which are deceptive copies of Plaintiffs' product

designs in breach of the contract entered into the parties, Defendants' fraud in the inducement due to its misrepresentations to Plaintiffs at the time the contract was negotiated and executed, and Defendants' tortious interference with Plaintiff's existing and prospective contractual and business relations.

3.    This Court has diversity jurisdiction over the claims which are the subject matter of this action pursuant to 28 U.S.C. §1332, in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of a State and a citizen or subject of a foreign state.

4.    This Court has personal jurisdiction over Defendant RK pursuant to Defendant's consent thereto in a Settlement Agreement entered into on June 22, 2009 in prior litigation before this Court.  *See,* Exhibit 1, executed in connection with the case of *Luv n' care Ltd. et al. v. Royal King Baby Product Co., Ltd.,* Civil Action No. 2:08-cv-163 TJW (E.D. Tex., Marshall Division).  Pursuant to that Settlement Agreement, the parties stipulated that this Court shall retain sole and exclusive jurisdiction over all of them relating to the Settlement Agreement and the subject matter of the prior litigation, with the Court retaining exclusive jurisdiction over the enforcement of all rights and obligations under the Settlement Agreement. *See,* Exhibit 1, ¶10.  This Court has personal jurisdiction over Defendant Khurana since Defendant Khurana has engaged in the misrepresentations complained of herein in conjunction with the civil action brought and

prosecuted in the State of Texas, which civil action was dismissed in this State pursuant to the misrepresentations accused of herein and pursuant to the Settlement Agreement providing for jurisdiction over all matters relating to that Agreement in Texas.  Defendant Khurana has also engaged in acts constituting doing business in this State, and has intentionally directed its tortious activities toward Texas.  Defendant Khurana has delivered the accused products into the stream of commerce with the expectation that they will be purchased by consumers in this State.  Defendant Khurana has also attended the Juvenile Products Manufacturers Association (JPMA) trade show in Dallas, Texas, and repeatedly offered for sale and sold products at that trade show, including, upon information and belief, products which are the subject of the present suit.

5.    Venue is also proper in that the parties have all consented thereto under the terms of their Settlement Agreement.  Venue is also proper in this Court pursuant to 28 U.S.C. §§ 1391 in that Defendants are aliens which may be sued in any district.  Venue is also proper in that Defendant RK has consented to personal jurisdiction in this district, and Defendant Khurana is subject to personal jurisdiction in this district.

## THE PARTIES

6.     Plaintiff Luv n' care, Ltd. ("Luv n' care") is a corporation organized and existing under the laws of the State of Louisiana having a principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 71201.

7.     Plaintiff Admar International, Inc. ("Admar") is a corporation organized and existing under the laws of the State of Delaware having a principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 71201.

8.     On information and belief, Defendant Royal King Infant Products Co. Ltd. ("RK") is a corporation of Thailand, having a principal place of business at No. 933, 11th Floor, Ruam Danu Thai Building, Mahachai Road, Wangburaphapirom, Pranakorn, Bangkok - 10200, Thailand.

9.     Defendant Dalbir Singh Khurana is a member of the Board of Directors of Defendant RK, and holds himself out as Defendant RK's principal director.

## FACTS

## PLAINTIFFS' DESIGNS

10.     Plaintiff Luv n' care is one of the leading baby product companies in the world today.  Luv n' care and its brands are well known throughout the United States and foreign countries as a result of the popular products that it has designed, introduced, and commercialized in interstate and international commerce for use by babies and young children.

11.     Admar is an affiliate of Luv n' care, with Luv n' care selling and distributing goods under certain exclusive rights from Admar.

12.     Plaintiff Luv n' care has designed a wide variety of children's and infants' products sold in interstate commerce, including, but not limited to, children's no-spill drinking cups, baby bottles, and infant pacifiers, and their packaging. Luv n' care has generated hundreds of millions of dollars in revenue from the sale of the goods that it has designed, and has sold under its marks.

13.     Significant time, funds, and effort were expended in designing and developing esthetically appealing and attractive product designs and packaging for Luv n' care's goods.

14.     Significant sums of money, time, and effort were also expended in promoting and popularizing Luv n' care's goods.

15.     As a result of Plaintiffs' design efforts and promotional activities, Plaintiffs' products have become widely known throughout the United States and worldwide.

16.     Plaintiffs' product and packaging designs and their associated goodwill are all valuable assets of Plaintiffs.

## PRIOR LITIGATION AGAINST DEFENDANT RK OVER DEFENDANT'S ILLEGAL COPYING

17.     Defendant RK is a company located in Thailand which has engaged in regular and repeated copying and piracy of intellectual property.

18.     In April 2008, Plaintiffs sued Defendant RK in the United States District Court for the Eastern District of Texas to redress Defendant's repeated copying and piracy of Plaintiff's designs.  *See, Luv n' care Ltd. et al.*

*v. Royal King Baby Product Co., Ltd.,* Civil Action No. 2:08-cv-163 TJW (E.D. Tex., Marshall Division).   In their Complaint, Plaintiffs alleged claims for: unfair competition, trademark infringement, trademark dilution, and misrepresentation under Section 43 of the Lanham Act, 15 U.S.C. §1125; and for unfair competition, deceptive and unfair business practices, and tortious interference with existing and prospective contractual and business relations under the common law and the law of the State of Texas.

19.    The exhibits from the Complaint in the previous litigation, illustrating Defendant's blatant and repeated copying of Plaintiffs' products and packaging, are attached as Exhibit 26 hereto.

20.    To settle the prior litigation, Plaintiffs and RK entered into a Settlement Agreement dated June 22, 2009.   Pursuant thereto, RK expressly agreed, *inter alia*, to immediately cease and desist worldwide from making, selling, offering to sell, marketing and/or promoting the products identified in the Settlement Agreement ("Products"), including any versions of the Products or their packaging that are likely to cause confusion with Plaintiffs' products or packaging.   The Products include various children's products, such as infant and childrens' bottles, pacifiers, drinking cups, and comb and brush sets.

21.    A copy of the Settlement Agreement from the prior litigation is attached as Exhibit 1, with the Products being illustrated in Exhibit A thereto.

22.   A color copy of Exhibit A of the Settlement Agreement has also been appended to the end of Exhibit 1.  Reference numerals (which were not on the executed copy) have been added to the color copy in parentheses (namely, numerals 1 to 3, 4a and 4b, and 5 to 15), for the purpose of facilitating ease of reference to each of the Products.

23.   As part of the settlement, Defendant RK agreed to pay damages in the form of a 12% royalty on its worldwide sales of the Products, as well as Plaintiffs' attorneys' fees.   Further thereto, royalties in the amount of $396,000 were paid to Plaintiffs based on representations by Defendant Khurana of Defendant RK as to Defendant RK's revenues from the sales of the Products.

24.   Pursuant to Defendant RK's agreement to cease and desist from its accused activities, and its agreement to pay damages to Plaintiffs to redress those accused activities, Plaintiffs agreed to dismiss the prior litigation pending before this Court.  Further thereto, the parties filed a Joint Stipulation of Dismissal with Prejudice on August 8, 2009, and the Court signed the Order dismissing the case with prejudice on August 10, 2009. Under the terms of the parties' agreement, this Court retains sole and exclusive jurisdiction over all parties relating to the settlement and/or the subject matter of the underlying litigation, and retains exclusive jurisdiction over the enforcement of any and all rights and obligations under the Settlement Agreement.

## DEFENDANT RK'S CURRENT AND CONTINUED ILLEGAL ACTIVITIES

25.     Notwithstanding the Settlement Agreement entered into by Defendant RK, Defendant has, on information and belief, continued to take the products of Plaintiffs, and to copy and imitate them without authorization.

26.     On information and belief, RK has continued to make, sell, offer to sell, market, and promote the Products, including versions of the Products that are likely to cause confusion with Plaintiffs' products, in violation of the parties' Settlement Agreement.  RK has distributed those illegal products with knowledge that the products would be sold in commerce in the United States and foreign countries.

27.     RK's bad faith activities have caused extensive damage to Plaintiffs and their business.

28.     As further discussed below, photographic depictions of the Products and of the unlawful copies believed to originate from Defendant are attached as exhibits hereto.

## DEFENDANT RK'S UNLAWFUL COPYING

29.     Pursuant to the parties' Settlement Agreement (*see* Exhibit 1), Defendant RK was obligated to cease from further sales of the Products illustrated in Exhibit 1, including any versions of those Products or their packaging likely to cause confusion with LNC's products or packaging.

30.   As shown in Exhibit 1, Product 1 of the Settlement Agreement is a soft spout no-spill cup product.

31.   Attached as Exhibit 2 is an image of a sample Luv n' care soft spout no-spill cup product corresponding to Product 1.

32.   For ease of reference and identification, Luv n' care's product is labeled with its item no. LNC # 9607.

33.   Attached as Exhibit 3 are illustrations of unauthorized products constituting copies or confusing imitations of Product 1.

34.   Upon information and belief, all of the products of Exhibit 3 are being made, sold, offered for sale, marketed, and/or promoted by Defendant RK in violation of the parties' agreement.

35.   For ease of reference and identification, the accused products of Exhibit 3 have been labeled with reference numbers B #21-23, 25-30 and 62.

36.   As shown in Exhibit 1, Product 2 of the Settlement Agreement is a baby spoon product.

37.   Attached as Exhibit 4 are images of samples of Luv n' care baby spoon product corresponding to Product 2.

38.   For ease of reference and identification, Luv n' care's products are labeled with its item nos. LNC # 5235 and 5278.

39.   Attached as Exhibit 5 are illustrations of unauthorized products constituting copies or confusing imitations of Product 2.

40.     Upon information and belief, all of the products of Exhibit 5 are being made, sold, offered for sale, marketed, and/or promoted by Defendant RK in violation of the parties' agreement.

41.     For ease of reference and identification, the accused products of Exhibit 5 have been labeled with reference numbers B #6-9 and 70.

42.     As shown in Exhibit 1, Product 3 of the Settlement Agreement is a baby bottle product.

43.     Attached as Exhibit 6 are images of sample Luv n' care products corresponding to Product 3.

44.     For reference, Luv n' care's products are labeled with its item nos. LNC # 1033 and 1582.

45.     Attached as Exhibit 7 are illustrations of unauthorized products constituting copies or confusing imitations of Product 3.

46.     Upon information and belief, all of the products of Exhibit 7 are being made, sold, offered for sale, marketed, and/or promoted by Defendant RK in violation of the parties' agreement.

47.     For ease of reference and identification, the accused products of Exhibit 7 have been labeled with reference numbers B #54(a), 54(b), 55(a), and 55(b).

48.     As shown in Exhibit 1, Product 4b of the Settlement Agreement is a pacifier product.

49.     Attached as Exhibit 8 is an image of a sample Luv n' care product corresponding to Product 4b.

50.     For reference, Luv n' care's product is labeled with its item no. LNC # 5996 LOSN4.

51.     Attached as Exhibit 9 are illustrations of unauthorized products constituting copies or confusing imitations of Product 4b.

52.     Upon information and belief, all of the products of Exhibit 9 are being made, sold, offered for sale, marketed, and/or promoted by Defendant RK in violation of the parties' agreement.

53.     For ease of reference and identification, the accused products of Exhibit 9 have been labeled with reference numbers B #2-4 and 64.

54.     As shown in Exhibit 1, Product 6 of the Settlement Agreement is a children's drinking cup product.

55.     Attached as Exhibit 10 are images of sample Luv n' care products corresponding to Product 6.

56.     For reference, Luv n' care's products are labeled with its item nos. LNC # 9865 and 9661.

57.     Attached as Exhibit 11 are illustrations of unauthorized products constituting copies or confusing imitations of Product 6.

58.     Upon information and belief, all of the products of Exhibit 11 are being made, sold, offered for sale, marketed, and/or promoted by Defendant RK in violation of the parties' agreement.

59.    For ease of reference and identification, the accused products of Exhibit 11 have been labeled with reference numbers B # 42-45.

60.    As shown in Exhibit 1, Product 7 of the Settlement Agreement is a baby bottle product.

61.    Upon information and belief, unauthorized products constituting copies or confusing imitations of Product 7 are being made, sold, offered for sale, marketed, and/or promoted by Defendant RK in violation of the parties' agreement.

62.    As shown in Exhibit 1, Product 8 of the Settlement Agreement is a no-spill drinking cup product.

63.    Attached as Exhibit 12 are images of sample Luv n' care products corresponding to Product 8.

64.    For reference, Luv n' care's products are labeled with its item nos. LNC # 830 and 9848.

65.    Attached as Exhibit 13 are illustrations of unauthorized products constituting copies or confusing imitations of Product 8.

66.    Upon information and belief, all of the products of Exhibit 13 are being made, sold, offered for sale, marketed, and/or promoted by Defendant RK in violation of the parties' agreement.

67.    For ease of reference and identification, the accused products of Exhibit 13 have been labeled with reference numbers B #39-41, 56, 66 and 69.

68.     As shown in Exhibit 1, Product 9 of the Settlement Agreement is a comb and brush set.

69.     Attached as Exhibit 14 is an image of a sample Luv n' care product corresponding to Product 9.

70.     For reference, Luv n' care's product is labeled with its item no. LNC #711.

71.     Attached as Exhibit 15 are illustrations of unauthorized products constituting copies or confusing imitations of Product 9.

72.     Upon information and belief, all of the products of Exhibit 15 are being made, sold, offered for sale, marketed, and/or promoted by Defendant RK in violation of the parties' agreement.

73.     For ease of reference and identification, the accused products of Exhibit 15 have been labeled with reference numbers B #15-16, 50 and 65.

74.     As shown in Exhibit 1, Product 10 of the Settlement Agreement is a children's drinking bottle product.

75.     Attached as Exhibit 16 is an image of a sample Luv n' care product corresponding to Product 10.

76.     For reference, Luv n' care's product is labeled with its item no. LNC # 75249.

77.     Attached as Exhibit 17 are illustrations of unauthorized products constituting copies or confusing imitations of Product 10.

78.     Upon information and belief, all of the products of Exhibit 17 are being made, sold, offered for sale, marketed, and/or promoted by Defendant RK in violation of the parties' agreement.

79.     For ease of reference and identification, the accused products of Exhibit 17 have been labeled with reference numbers B # 31-37, 62, 67 and 68 (product on right of B68).

80.     Product 11, as shown in Exhibit 1, is a hard top no-spill drinking cup product.

81.     Upon information and belief, products likely to cause confusion with the Product 11 are being made, sold, offered for sale, marketed, and/or promoted by Defendant RK in violation of the parties' agreement.

82.     As shown in Exhibit 1, Product 12 of the Settlement Agreement is a pacifier product.

83.     Attached as Exhibit 18 is an image of a sample Luv n' care product corresponding to Product 12.

84.     For reference, Luv n' care's product is labeled with its item no. LNC # 67530.

85.     Attached as Exhibit 19 is an illustration of an unauthorized product constituting a copy or confusing imitation of Product 12.

86.     Upon information and belief, the product of Exhibit 19 is being made, sold, offered for sale, marketed, and/or promoted by Defendant RK in violation of the parties' agreement.

87.    For ease of reference and identification, the accused product of Exhibit 19 has been labeled with reference number B #12.

88.    As shown in Exhibit 1, Product 13 of the Settlement Agreement is a nipple product.

89.    Attached as Exhibit 20 is an image of a sample Luv n' care product corresponding to Product 13.

90.    For reference, Luv n' care's product is labeled with its item no. LNC #0024.

91.    Attached as Exhibit 21 are illustrations of unauthorized products constituting copies or confusing imitations of Product 13.

92.    Upon information and belief, all of the products of Exhibit 21 are being made, sold, offered for sale, marketed, and/or promoted by Defendant RK in violation of the parties' agreement.

93.    For ease of reference and identification, the accused products of Exhibit 21 have been labeled with reference numbers B #1 and 59.

94.    As shown in Exhibit 1, Product 14 of the Settlement Agreement is a wide mouth nipple product.

95.    Attached as Exhibit 22 is an image of a sample Luv n' care product corresponding to Product 14.

96.    For reference, Luv n' care's product is labeled with its item no. LNC # 00923.

97.     Attached as Exhibit 23 are illustrations of unauthorized products constituting copies or confusing imitations of Product 14.

98.     Upon information and belief, all of the products of Exhibit 23 are being made, sold, offered for sale, marketed, and/or promoted by Defendant RK in violation of the parties' agreement.

99.     For ease of reference and identification, the accused products of Exhibit 23 have been labeled with reference numbers B #60-61.

100.    As shown in Exhibit 1, Product 15 of the Settlement Agreement is a nasal aspirator product.

101.    Attached as Exhibit 24 are images of sample Luv n' care products corresponding to Product 15.

102.    For reference, Luv n' care's products are labeled with its item nos. LNC # 172 and 24170.

103.    Attached as Exhibit 25 are illustrations of unauthorized products constituting copies or confusing imitations of Product 15.

104.    Upon information and belief, all of the products of Exhibit 25 are being made, sold, offered for sale, marketed, and/or promoted by Defendant RK in violation of the parties' agreement.

105.    For ease of reference and identification, the accused products of Exhibit 25 have been labeled with reference numbers B #13-14.

106.   Plaintiffs reserve the right hereto to add any further illegal products or packaging of Defendant RK that may come to its attention, including any that may be uncovered during discovery.

107.   None of the accused RK products depicted in the exhibits hereto have been authorized by Plaintiffs.

108.   As shown by Exhibit 26, Defendant RK has repeatedly knocked off Plaintiffs' products in the past, leading to the prior suit against it and the execution of the Settlement Agreement of Exhibit 1.

109.   As shown by Exhibits 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23 and 25, Defendant RK <u>continues</u> to systematically knock-off Luv n' care's products. RK does so in blatant and brazen violation of the parties' Settlement Agreement in which RK agreed to desist from its unlawful activities.

110.   RK's accused products have been designed to imitate Plaintiffs' products so as to cause confusion between Luv n' care's products and the illegal RK copies.

111.   The individual appearances of RK's products are designed to imitate the appearance of the Products.

112.   The collective appearance of RK's accused products is also designed to imitate the appearance of Plaintiffs' product line.

113.   The copying of the individual Products, and the pattern of repeatedly copying the Products to imitate the overall appearance of

Plaintiffs' product line, has been calculated by RK to deceive and cause confusion.

114.    Defendants' accused products are likely to cause confusion with the Products.

115.    Upon information and belief, Defendant RK has also engaged in copying of Luv n' care's packaging for one or more of the Products depicted in Exhibit 1.

116.    Defendant is illegally profiting from its accused activities.

**DEFENDANT RK'S REPEATED
AND CONSISTENT PATTERN
OF WILLFUL BAD FAITH ILLEGAL CONDUCT**

117.    Defendant's actions are part of a repeated, deliberate, pattern of copying Plaintiffs' product designs and packaging, including, but not limited to, the products set forth in the exhibits hereto.

118.    Defendant was already sued in the prior action for its illegal activities.  Images of Defendant's accused products from the prior action are attached as Exhibit 26.

119.    Plaintiff agreed to dismiss the prior litigation in exchange for Defendant's agreement, *inter alia,* to discontinue sales of the accused products and to desist from further such activity in the future.

120.    Despite Defendant's agreement in writing, Defendant illegally continues to pursue its bad faith activities.

121.   Defendants continue to display utter disregard and contempt for Plaintiff's rights, and deliberately persist in brazenly violating the law.

122.   RK is deliberately engaging in its illegal acts, flouting the obligations imposed on it, and agreed to by it, in the prior Settlement Agreement.

123.   Despite the fact that the prior Settlement Agreement was entered into to put an end to the activities accused in the prior Complaint, Defendants have has decided to nonetheless deliberately and illegally proceed with the accused actions.

124.   Defendants' actions have been deliberate and willful.

125.   Defendants' actions have caused and are causing irreparable damage to Plaintiffs.

126.   Plaintiffs have been extensively damaged by Defendants' bad faith activities and will continue to be damaged unless Defendants are restrained and enjoined by this Court.

## COUNT I
## BREACH OF CONTRACT:

127.   Plaintiffs repeat and re-allege the allegations se forth in Paragraphs 1-126 of this Complaint, as though fully set forth herein.

128.   This claim arises under the common law of the State of Texas.

129.   As set forth in Exhibit 1, a contract exists between Plaintiffs and RK.

130.   As set forth in the foregoing paragraphs, RK has deliberately and willfully violated its obligations under the contract by selling the products accused herein, in violation and breach of the parties' Settlement Agreement.

131.   Upon information and belief, Defendant RK is also in breach of its obligation to pay royalties on all past sales of the Products listed in the Settlement Agreement.

132.   Upon information and belief, Defendant RK is also in breach of its obligation under paragraph 6 of the Settlement Agreement to, within the 30 day sell off period, report and pay for any further sales beyond those paid for in the Agreement.

133.   Upon information and belief, Defendant RK is also in breach of its obligation to destroy any Products, and Molds for such Products, remaining more than 30 days from execution of the Settlement and to provide proof of the same.

134.   As a result of RK's deliberate and willful breach of the contract, Plaintiffs have been harmed in an amount to be determined at trial.

## COUNT II
## FRAUD IN THE INDUCEMENT:

135.   Plaintiffs repeat and re-allege the allegations se forth in Paragraphs 1-134 of this Complaint, as though fully set forth herein.

136.   This claim arises under the common law of the State of Texas.

137.    In connection with the settlement of the prior litigation between Plaintiffs and Defendant RK, Defendant Khurana of Defendant RK made representations to Plaintiffs' concerning RK's sales revenues, which representations formed the basis for calculating RK's payments owed to Plaintiffs under the Settlement Agreement.

138.    Specifically, at the time the Settlement Agreement was negotiated, it was represented that Defendant RK's revenues from the sales of the Products totaled $3.3 million dollars.

139.    Those representations were material to Plaintiffs' entry into and execution of the Settlement Agreement with respect to the amount of damages to be paid by Defendant RK to Plaintiffs.

140.    In particular, as part of the settlement, Defendant RK agreed to pay damages to Plaintiffs in the form of a 12% royalty on RK's worldwide sales of the Products.  Further thereto, royalties in the amount of $396,000 were due to Plaintiffs and paid under the Settlement Agreement.

141.    Upon information and belief, Defendants RK and Khurana deliberately made material false representations concerning Defendants' total sales revenues, which false representations formed the basis for calculating Plaintiffs damages, and the basis for the settlement payment to Plaintiffs.

142.   Defendants knew that their representations were false when Defendants made them, or, alternatively, with made them with reckless disregard for the truth.

143.   Defendants made their representations with the intent that Plaintiffs act on them, and with the intent to induce Plaintiffs to act upon the representations.

144.   Plaintiffs relied on Defendants' representations, which formed the basis for the computation of damages.

145.   Plaintiffs suffered injury as a result of Defendants' misrepresentations.

146.   Specifically, on information and belief Defendant RK engaged in deliberate underpayment of the damages due to Plaintiffs on Defendant RK's U.S. and international illegal sales of the Products set forth in the Settlement Agreement.

147.   As a result of Defendants' deliberate fraud, Plaintiffs have been harmed in an amount to be determined at trial.

**COUNT III**
**TORTIOUS INTERFERENCE WITH**
**EXISTING CONTRACTUAL RELATIONS:**

148.   Plaintiffs repeat and re-allege the allegations se forth in Paragraphs 1-147 of this Complaint, as though fully set forth herein.

149.   This claim arises under the common law of the State of Texas.

150.   Plaintiffs and their distributors have had numerous valid contracts and purchase orders for sales of Plaintiffs' products throughout the world.

151.   Defendants' activities have deliberately interfered with those contracts to cause customers to reduce or eliminate their purchases from Plaintiffs, and/or to induce them to buy from RK, its distributors, and retailers, instead of Plaintiffs.

152.   RK has engaged in illegal copying of Plaintiffs' products, in violation of the parties' Settlement Agreement, and Defendants RK and Khurana have acted to induce customers to divert their purchases from Plaintiffs to Defendants.

153.   Defendants acts of interference were willful, intentional, and malicious, and were a proximate cause of damage to Plaintiffs.

154.   Defendants' acts constitute tortious interference with Plaintiffs' existing contractual relations.

155.   Plaintiffs have suffered actual damages and loss due to Defendants' illegal actions.

### COUNT IV
### TORTIOUS INTERFERENCE WITH
### PROSPECTIVE CONTRACTUAL RELATIONS:

156.   Plaintiffs repeat and re-allege the allegations se forth in Paragraphs 1-155 of this Complaint, as though fully set forth herein.

157.   This claim arises under the common law of the State of Texas.

158.   Plaintiffs and their distributors have had numerous contracts and purchase orders for sales of Plaintiffs' products throughout the world, and there is a reasonable probability that Plaintiffs would have entered into additional contractual relationships with its customers and other parties.

159.   RK has engaged in unauthorized copying of Plaintiffs' products in violation of the parties' Settlement Agreement, and Defendants RK and Khurana have acted to induce customers to purchase the illegal products of Defendants instead of the authorized, legitimate, products of Plaintiffs.

160.   Those intentional and malicious acts have prevented Plaintiffs' additional contractual relationships from occurring, with the purpose of harming Plaintiffs.

161.   Defendants lacked lawful privilege or justification to engage in its wrongful acts.

162.   Defendants' actions constitute tortious interference with Plaintiffs' prospective contractual relations.

163.   Plaintiffs have suffered actual and significant damage and loss due to Defendants' illegal actions.

## COUNT V
## TORTIOUS INTERFERENCE WITH
## EXISTING BUSINESS RELATIONS:

164.   Plaintiffs repeat and re-allege the allegations se forth in Paragraphs 1-163 of this Complaint, as though fully set forth herein.

165.   This claim arises under the common law of the State of Texas.

166.   Plaintiffs have enjoyed a successful business in sales of their products throughout the world.

167.   Defendants have deliberately interfered with Plaintiff's business to cause customers in the U.S. and foreign countries to reduce or eliminate their purchases from Plaintiffs.

168.   Defendants have engaged in unauthorized copying of Plaintiffs' products in violation of the parties' Settlement Agreement, and Defendants have acted to induce customers to purchase the illegal products of RK instead of the authorized, legitimate, products of Plaintiffs.

169.   Defendants' acts of interference were willful, intentional, and malicious.

170.   Such intentional malicious acts were a proximate cause of damage to Plaintiffs.

171.   Defendants' actions constitute tortious interference with Plaintiffs' existing business relations.

172.   Plaintiffs have suffered actual damages and loss due to Defendants' illegal actions.

### COUNT VI
### TORTIOUS INTERFERENCE WITH
### PROSPECTIVE BUSINESS RELATIONS:

173.   Plaintiffs repeat and re-allege the allegations se forth in Paragraphs 1-172 of this Complaint, as though fully set forth herein.

174.   This claim arises under the common law of the State of Texas.

175.   Plaintiffs have sold their products throughout the world, and there is a reasonable probability that Plaintiffs would have entered into further business in sales of those products with its customers and other parties.

176.   Defendants have engaged in unauthorized copying of Plaintiffs' products in violation of the parties' Settlement Agreement, and Defendants have acted to induce customers to purchase the illegal products of Defendants instead of the authorized, legitimate, products of Plaintiffs.

177.   Defendants' intentional and malicious acts have prevented those relationships from occurring, with the purpose of harming Plaintiffs.

178.   Defendants lacked lawful privilege or justification to engage in their wrongful acts.

179.   Defendants' actions constitute tortious interference with Plaintiffs' prospective business contractual relations.

180.   Plaintiffs have suffered actual and significant damage and loss due to Defendants' illegal actions.

## DAMAGES

181.   Plaintiffs have been extensively damaged by Defendants' illegal actions in an amount to be determined by this Court.

182.   In redress of Defendants' illegal actions, Plaintiffs seek compensation for their lost sales, lost revenues, lost profits, lost royalties, and damage to their business and good will, and seek recovery of those damages

as well as a disgorgement of Defendants' revenues, gains, advantages, and profits obtained as a result of Defendants' illegal acts.

183.   Plaintiffs also request that this honorable Court assess enhanced and punitive damages against Defendants in the fullest amount permissible by law, in view of the egregious and malicious nature of Defendants' bad faith activities complained of herein, and in view of the extensive number of violations by Defendants, the willful nature of those violations, and the significant damage to Plaintiffs, as set forth above.

## JURY TRIAL DEMAND

184.   Pursuant to Rule 38, Fed. R. Civ. P. Plaintiffs hereby demand a trial by jury on all issues set forth herein that are properly triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Luv n' care and Admar respectfully request that the Court, upon final hearing of this matter, grant the following relief against Defendants:

A.   That Defendant RK be adjudged to have engaged in breach of contract, fraud in the inducement, and tortious interference with existing and prospective contractual and business relations under the common law and the law of the State of Texas, and that Defendant Khurana be further adjudged to have engaged in fraud in the inducement and tortious interference with existing

and prospective contractual and business relations under the common law and the law of the State of Texas;

B.   That Defendant Khurana be found to have committed an actual fraud against Plaintiffs, and used the corporate form as a sham to perpetuate a fraud, and be found subject to personal liability for Defendant RK's illegal acts complained of herein;

C.   That Defendants, their officers, agents, servants, employees, representatives, distributors and all persons in concert or participation with Defendants be preliminarily and permanently enjoined from engaging in any activities which violate Plaintiffs' rights in its products and/or its packaging under the parties' Settlement Agreement;

D.   That Defendants, their officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with them be preliminarily and permanently enjoined from making, using, importing, offering for sale and selling any of the products set forth in the exhibits to the present Complaint;

E.   That Defendants, their officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with them be preliminarily and permanently enjoined from making, using, importing, offering for sale and

selling any products and/or packaging that are likely to cause confusion with the Products and/or their packaging;

F.     That Defendants, their officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with them be preliminarily and permanently enjoined from selling or marketing merchandise in any way that tends to deceive, mislead or confuse the public into believing that Defendants' merchandise in any way originates with, is sanctioned by, or affiliated with Plaintiffs;

G.     That Defendants, their officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with them be preliminarily and permanently enjoined from otherwise violating Plaintiffs' rights;

H.     That Defendants, their officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with them be preliminarily and permanently enjoined from engaging in any further sales of products or packaging that imitate Plaintiffs' products or packaging;

I.     That Defendants, their officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with them be preliminarily and permanently enjoined from engaging in further illegal, deceptive and unfair

business practices with respect to Plaintiffs;

J. That Defendants, their officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with them be preliminarily and permanently enjoined from engaging in further acts of tortious interference with Plaintiffs' existing and prospective contractual and business relations;

K. That Defendants, their officers, agents, servants, employees, representatives, distributors, and all persons in concert or participation with them be ordered to provide a complete and full accounting of any and all U.S. and worldwide sales of the Products identified in the parties' prior Settlement Agreement, the accused products identified in the exhibits to the present Complaint, and any further products and/or packaging previously and/or currently being made, sold, offered for sale, marketed, and/or promoted in violation of the parties' Settlement Agreement;

L. That each Defendant be directed to file with this Court and serve on Plaintiffs within thirty (30) days after service of the injunction, a report in writing, under oath, setting forth in detail the manner and form in which the Defendants have complied with the injunction;

M.     That Defendants be required to account for and pay over to Plaintiffs any and all gains, advantages, revenues, and profits derived by Defendants and all damages, lost profits, and lost royalties (such royalties to be in no event less than a 12% royalty) sustained by Plaintiffs by reason of the acts complained of in this Complaint, including an assessment of interest on the damages so computed, such accounting and payment to be made on all past and present sales of the Products and packaging accused herein, including all sales by RK of Products and/or packaging set forth in the Settlement Agreement for which payment was not made due to Defendants' misrepresentations and misconduct, any and all sales made during the 30 day sell off set forth in the Settlement Agreement, and all subsequent illegal sales in violation of the Settlement Agreement, and that all  such damages be enhanced to the maximum degree available under all applicable law in view of the bad faith, willful and egregious conduct of Defendants complained of herein;

N.     That Defendants be required to account for all of their sales and pay over to Plaintiffs such actual damages as Plaintiffs have sustained as a consequence of Defendants' illegal acts described herein; and to account for and pay to Plaintiffs all of Defendants' gains, advantages, revenues, and profits and advantages

attributable to or derived by Defendants' complained of illegal acts and violations of Plaintiffs' federal, state, and/or common law rights;

O.  That each such award of damages be enhanced to the maximum available in view of each of Defendants' willful violation of Plaintiffs' rights and fraudulent conduct complained of herein;

P.  That each Defendant be required to deliver up for impoundment during the pendency of this action, and for destruction thereafter, all copies of the accused products in its possession or under its control and all materials, including molds and master models, used for making same;

Q.  That Plaintiffs be awarded punitive damages because of the egregious, malicious, and tortious conduct of each Defendant complained of herein;

R.  That Plaintiffs recover the costs of this action including their expenses and reasonable attorneys' fees under all applicable law, because of the deliberate and willful nature of the activities of Defendants sought to be enjoined hereby, which make this an exceptional case warranting such award;

S.  That Plaintiffs be awarded prejudgment and post-judgment interest on all amounts awarded;

T.  That Plaintiffs obtain all further relief permitted under the laws

of the United States and the laws of the State of Texas; and,

U.     That Plaintiffs obtain all such other and further relief as this Court may deem just and equitable.

Dated:  November 4, 2010          Respectfully submitted,

/s/ Morris E. Cohen

By:     _____
        Morris E. Cohen (Member of the Bar,
        E.D. Texas)
        Lee A. Goldberg (for *pro hac vice*)
        Ian Matyjewicz (for *pro hac vice*)
        GOLDBERG COHEN LLP
        1350 Avenue of the Americas, 4th flr.
        New York, New York 10019
        (646) 380-2087 (phone)
        (646) 514-2123 (fax)
        MCohen@GoldbergCohen.com
        LGoldberg@GoldbergCohen.com
        Ian @GoldbergCohen.com


        Of Counsel:

        Joe D. Guerriero (Member of the Bar,
        E.D. Texas)
        Luv n' care, Ltd.
        3030 Aurora Avenue
        Monroe, Louisiana 71201
        318-338-3603 (phone)
        318-388-5892 (fax)
        joed@luvncare.com

        Attorneys for Plaintiffs Luv n' care,
        Ltd. and Admar International, Inc.