# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LUV N' CARE, LTD. and ADMAR INTERNATIONAL, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> ROYAL KING INFANT PRODUCTS CO. LTD., <br><br> *Defendant*. | Civil Action No. 2:10-cv-461-JRG |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Amend the Court's Findings filed by Defendant Royal King Infant Products Co., Ltd. ("RK"). (Dkt. No. 240.) Plaintiffs Luv n' Care Ltd. and Admar International, Inc. ("LNC") oppose the Motion. (Dkt. No. 251.)

Having reviewed the parties' written submissions, and for the reasons stated below, the Court finds that RK's Motion should be **DENIED** as to amending the Court's previous Order (Dkt. No. 234), which found insufficient evidence for RK's claim for fraud in the inducement and its defense of equitable estoppel. The remaining liability and damages issues raised by RK's Motion are **CARRIED**.

## I. BACKGROUND

On June 22, 2009, the parties executed a settlement agreement to resolve a 2008 trademark case previously before this Court. (Dkt. No. 1-1, "Settlement Agreement"; Dkt. No. 192.)

On November 4, 2010, Plaintiff LNC filed the instant lawsuit against Defendant RK, asserting claims of breach of contract, fraud in the inducement, and tortious interference with

existing and prospective contractual and business relations under Texas state law. (Dkt. No. 1.)

On August 27, 2012, RK brought counterclaims against LNC for (1) a declaratory judgment of patent non-infringement and invalidity and (2) claims under Texas state law for breach of contract and tortious interference. (Dkt. No. 61.)

On October 7, 2013, the Court granted RK's Motion for Partial Summary Judgment on LNC's fraud in the inducement claim, holding that LNC's claim was barred by the one-year prescriptive period under La. Civ. Code art. 3492. (Dkt. No. 192.)

On October 7–10, 2013, the Court held a jury trial in the present case on LNC's claims for breach of contract and intentional interference against RK, as well as RK's claims for breach of contract and intentional interference against LNC. (Dkt. No. 195.) In the parties' Joint Final Pretrial Order, RK agreed to have its fraud in the inducement claim decided by the Court, to which LNC failed to timely object. *See* (Dkt. No. 158 at 16); (Dkt. No. 213 at 2–3).

On December 4, 2013, the Court held a bench trial to hear evidence presented on RK's fraud in the inducement claim. *See* (Dkt. No. 213). The Court also heard arguments relating to RK's equitable estoppel defense. *See* (Dkt. No. 213 at 3–4); (Dkt. No. 198 at 1).

On February 14, 2014, this Court entered its Findings of Fact and Conclusions of Law relating to RK's fraud in the inducement claim and equitable estoppel defense. (Dkt. No. 234 ("Memorandum Opinion").) This Court found that RK had not demonstrated by a preponderance of the evidence that LNC had fraudulently induced RK to enter into the Settlement Agreement, or that LNC's breach of contract claim should be barred by the doctrine of equitable estoppel. (*Id.*) Accordingly, judgment was entered in favor of LNC and against RK on RK's fraudulent inducement claim and equitable estoppel defense. (*Id.*)

RK moves, under Rule 52(b), the Court to amend its findings in the Memorandum

Opinion denying RK's claim for fraud in the inducement and RK's affirmative defense of equitable estoppel. (Dkt. No. 240.)

RK asserts that the Court should find additional facts which would support a finding that RK had proven by a preponderance of the evidence its claim for fraud in the inducement and its defense of equitable estoppel. *See* (Dkt. No. 240).

## II. APPLICABLE LAW

The purpose of a motion to amend is to correct "manifest errors of law or fact" or, in some limited situations, to present newly discovered evidence. *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986). Further, under Rule 52(b), rulings on motions to amend findings are committed "to the sound discretion of the district court." *U.S. v. Texas*, 572 F. Supp. 2d 726, 730 (E.D. Tex. 2008).

When a party seeks additional findings of fact following entry of summary judgment, the Court construes the motion as a Fed. R. Civ. P. 59(e) motion to alter or amend a judgment. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 338 (5th Cir. 1997); *see also, e.g.*, *Yoffe v. Keller Indus., Inc.*, 582 F.2d 982, 984, n.1 (5th Cir. 1978) (noting the equivalence of a Rule 52(b) and a Rule 59(e) motion). Under Rule 59(e), the movant must prove that "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696–97 (5th Cir. 2003).

## III. ANALYSIS

On February 14, 2014, this Court entered a memorandum opinion and order memorializing its findings of fact and conclusions of law relating to RK's fraud in the

inducement claim and equitable estoppel defense. (Memorandum Opinion.) RK moves the Court to amend its findings under Fed. R. Civ. P. 52(b). (Dkt. No. 240 at 14–27.) Specifically, RK moves the Court to additionally find that:

i. During the course of negotiations of the Settlement Agreement, the parties expressly agreed that a product would be excluded from the Products included in the Settlement Agreement even though it was not identified in the Settlement Agreement;

ii. Mr. Hakim had made written statements that RK had listed all the products at issue;

iii. Prior to the date of the Settlement Agreement, RK served discovery responses that identified the documents depicting the Replacement Products;

iv. Mr. Hakim admitted that his attorneys knew about the replacement products, and the law imputes such knowledge to LNC;

v. Mr. Hakim threatened Walgreen's counsel that LNC would be filing more lawsuits on RK products;

vi. RK would not have entered into the Settlement Agreement if it had known that the Agreement barred the sale of Replacement Products; and that

vii. LNC's failure to file suit within the Louisiana one-year prescriptive period is not evidence of a lack of fraudulent intent.

If the Court should amend its findings of fact as suggested, then RK further moves the Court to find for RK on its claims that (1) LNC fraudulently induced RK to enter into the Settlement agreement, and (2) equitable estoppel bars LNC's claim for breach of contract. (Dkt. No. 240 at 23–27.)

The Court has considered RK's arguments in support of its motion to amend the Court's findings. However, RK has not met its burden to show that the Court's findings were manifestly

erroneous. The court relied on substantial evidence in support of its findings of fact. Further, this Court previously considered the evidence identified by RK in its present motion in rendering its Memorandum Opinion dated February 14, 2014, and (there as now) did not find that RK had proven the additional facts proposed in the instant motion.

The Court concludes that there is no basis to amend its findings of fact as set forth in its Memorandum Opinion. Consequently, there is also no basis for the Court to amend its conclusions of law on RK's fraud claim or its equitable estoppel defense.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that its findings of fact and conclusions of law in its Memorandum Opinion (Dkt. No. 234) are supported by adequate evidence, are not manifestly erroneous, and should not be disturbed.

Accordingly, RK's motion, pursuant to Rule 52(b), to amend the Court's findings relating to RK's claim for fraud in the inducement and its defense of equitable estoppel should be and is hereby **DENIED**. (Dkt. No. 240.) All other liability and damages issues raised in RK's Motion are **CARRIED**, to be addressed by the Court in a subsequent opinion.

**So ORDERED and SIGNED this 5th day of January, 2016.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE